

# IN THE CIRCUIT COURT FOR PUTNAM COUNTY, TENNESSEE
## AT COOKEVILLE

| | |
|---|---|
| NESTER SOTO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08N018 |
| LOWE'S HOME CENTERS, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Nester Soto, and for cause of action against Defendant Lowe's Home Centers, Inc., pursuant to the provisions the Tennessee Human Rights Act, codifies at T.C.A. §4-21-101 et seq., respectfully shows the Court the following:

1. Plaintiff is an adult resident of Putnam County, Tennessee. Defendant is a corporation doing business in Putnam County, Tennessee.

2. Defendant is a corporation doing business in Tennessee, and may be served through Corporation Service Company at 2908 Poston Avenue, Nashville, TN 37203.

3. At all times relevant, the parties were subject to the provisions the Tennessee Human Rights Act, codifies at T.C.A. §4-21-101 et seq.

4. While Plaintiff was originally employed by Defendant in the state of New Jersey, on or about the 15th day of July 2006, Plaintiff's employment was transferred to Defendant's Cookeville, Tennessee at his request.

5. Plaintiff is a practicing member of the Jehovah's Witness faith. One of the cardinal tenants of that faith is that the individual owes allegiance to God, but is not to swear allegiance to any flag. Pursuant to this belief, Mr. Soto does not wear a flag of any country on his person or

clothing, nor does he display any such flag on any vehicle or real property that he occupies.

6. Plaintiff's faith also requires periodic attendance at religious functions.

7. During the Plaintiff's employment with Defendant in New Jersey, Defendant accommodated Plaintiff's religious beliefs and practices.

8. After transferring to Cookeville, Defendant's agents and managers refused to accommodate Plaintiff's religious beliefs and practices.

9. Specifically, Defendant refused to provide uniform items that complied with the requirements of Plaintiff's faith.

10. In fact, those steps that Defendant suggested as an accommodation, such as putting tape over the American flag on the uniform items, only served to draw additional unwanted and often hostile attention to Plaintiff.

11. Defendant further refused to accommodate Plaintiff's scheduling needs that were based upon the practices of his faith.

12. These actions by Defendant were in knowing disregard for applicable state and federal law and inflicted upon Plaintiff on the basis of his religious beliefs.

13. Plaintiff's attempts to have his sincerely held beliefs accommodated met with continued resistance, outright hostility, and subjected him to further retaliatory conduct including unfavorable transfers within the store and unfavorable job assignments.

14. Ultimately, the pattern of illegal and intentional conduct by Defendant's managers and employees resulted in false accusations being made against Plaintiff, said false allegations being the basis on which Plaintiff's employment was terminated.

15. As a result of Defendant's illegal and intentional actions, Plaintiff has suffered loss of income, humiliation, emotional distress, and the loss of his job related benefits.

WHEREFORE, Plaintiff prays:

1. That process issue and be served upon the Defendant requiring it to answer the allegations hereof.

2. That at the hearing of this cause Plaintiff be awarded such compensatory sums as will fully compensate him for the wrongful acts of Defendant, in an amount not to exceed $200,000.00.

3. That the Court award Plaintiff attorney fees and assess costs of this action against Defendant.

4. That the Plaintiff have such other, further and general relief as the Court may deem just and proper.

Respectfully submitted,

_____
W.I. Howell Acuff, BPR# 016567
ACUFF & ACUFF, P.C.
Attorney for Plaintiff
101 South Jefferson Avenue
Cookeville, TN 38501
(931) 526-6123

## COST BOND

We acknowledge ourselves as sureties for costs in this cause not to exceed Five Hundred ($500.00) Dollars.

_____
W.I. Howell Acuff

## WAIVER OF SERVICE OF SUMMONS

TO:    **W.I. HOWELL ACUFF**
**ACUFF & ACUFF, P.C.**
101 S. Jefferson Avenue
Cookeville, TN 38501
(931) 526-6123

    I acknowledge receipt of your request that I waive service of a summons in the action of <u>Nester Soto v. Lowe's Home Centers, Inc.</u>, which is civil action number 08N0118 in the Putnam County Circuit Court. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint is this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May____, 2008.

_____    _____
Date    Signature

    Printed/typed name:_____

    as_____

    of_____

## *DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS*

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the Unites States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in a improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:  **W.I. HOWELL ACUFF**
**ACUFF & ACUFF, P.C.**
101 S. Jefferson Avenue
Cookeville, TN 38501
(931) 526-6123

    I acknowledge receipt of your request that I waive service of a summons in the action of <u>Nester Soto v. Lowe's Home Centers, Inc.</u>, which is civil action number 08N0118 in the Putnam County Circuit Court. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint is this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May_____, 2008.

| Date | Signature |
|---|---|
| | Printed/typed name: _____ |
| | as _____ |
| | of _____ |

## *DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS*

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the Unites States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in a improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.